HENRY BOLTON ET AL., APPELLANTS, V. MATHEW BECKER
ET AL., APPELLEES.

FILED DECEMBER 17, 1908.   No. 15,826.

Intoxicating Liquors: LICENSE.   Under the provisions of section 29
    of the Slocumb law (Comp. St. 1907, ch. 50), it is a misdemeanor
    for a licensed vendor of intoxicating liquors to obstruct either his
    doors or windows by the use of screens, blinds, paint, or other
    articles; and one who during the previous year has been guilty
    of a violation of said section is not a proper person to receive a
    liquor license.

APPEAL from the district court for Colfax county:
GEORGE H. THOMAS, JUDGE.   *Reversed with directions.*

*C. J. Phelps,* for appellants.

*W. I. Allen* and *W. M. Cain, contra.*

EPPERSON, C.

By remonstrance the appellants objected to the issuance of a liquor license to the appellees because they, as former licensees, had violated section 29, ch. 50, Comp. St. 1907, by failing to keep the windows and doors of their place of business unobstructed by screens. The building where they had been doing business faced the north. On either side of the front door was a large glass window. The counter was near the east wall, and ran to within about 10 feet of the north window. Against the north end of the counter, and forming a right angle therewith, was a screen 32 or 48 inches wide. In the west wall of the building, and next to an alley, were two windows at which curtains were maintained, which were sometimes drawn and sometimes open. The evidence shows that one standing on the sidewalk at the north end of the building could look through the east window and see the bar, but could not see the space in front of the bar, except at the extreme south end thereof; that, looking through the

glass front door, one could not see the space in front of the bar. This difficulty would have been entirely obviated had it not been that the applicant permitted the pasting of advertising bills over the window west of the door. Such bills at times entirely obscured the view from without from that position. By reason of these bills and the screen set at the end of the bar, it was impossible to observe the interior of the saloon. Of course, one by going down the alley could look through the windows in the west wall, if the curtains were open. There was substantially no conflict in the testimony. It is true that one witness testified that he was able to see the entire interior of applicant's saloon. He had made an inspection, and at a time when, no doubt, the bills and the screen had been removed. The conduct of the applicant is clearly within the inhibition of the statute.

We recommend that the judgment of the district court affirming the order of the city council granting the license be reversed and this cause remanded, with directions to the lower court to enter judgment canceling said license.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, this cause is reversed and remanded to the lower court, with instructions to enter an order canceling the license granted by the city council.

REVERSED.